### Seth Mason v. Supreme Court of Honor.

1. PRACTICE—*Where a Peremptory Instruction to Find for the Defendant is Proper.*—A life insurance certificate of the defendant company contained the provision that "This order will not pay the benefits of members who commit suicide, whether sane or insane, except it be committed in delirium resulting from illness, or while the member is under treatment for insanity, or has been judicially declared insane." The evidence showed deliberate intention and preparation for suicide on the part of the insured previous to his taking his own life. *Held*, that it was the plain duty of the trial court to direct a verdict for the defendant.

**Assumpsit**, on a certificate of insurance. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

DRENNAN & ANDERSON and JAMES B. ABRAMS, attorneys for appellant.

HOGAN & DRENNAN, attorneys for appellee; W. R. RISSE, of counsel.

MR. JUSTICE HARKER delivered the opinion of the court.

The suit was brought upon a life insurance certificate held by Dr. J. Frank Mason in his lifetime, in the Supreme Court of Honor, for the benefit of appellant. The certificate was issued on the 4th of November, 1897, and the insured died by his own hand December 7, 1897. The certificate contained the following condition: "This order will not pay the benefits of members who commit suicide, whether sane or insane, except it be committed in delirium resulting from illness or while the member is under treatment for insanity, or has been judicially declared insane." In addition to the general issue, appellee filed several special pleas, setting up the suicide of the insured. Appellant traversed the plea and replied specially that when the insured took his life, he was in a delirium from illness. Issue was joined thereon, and a trial had by jury in November, 1900, resulting in a verdict for appellant, which was set aside by the court. A second trial was had in March, 1901, but the jury failed to agree, and a third trial was had in November, 1901, resulting in a verdict for appellant, which was set aside by the court. At a trial had in March, 1902, the jury, under a peremptory instruction from the court, returned a verdict for appellee.

The assignment of error upon which a reversal is chiefly sought is based upon the giving of the peremptory instruction. The evidence clearly shows that Dr. Mason, the insured, committed suicide. The fact was not controverted upon the trial, but a feeble effort was made to show that when he did so, he was in delirium resulting from illness. It was not shown that he had had any recent spell of sickness calculated to produce a derangement of the brain, but the claim was based upon the testimony of a physician who had known him for three or four years, who stated that the insured had been subject to severe spells of headaches, and that while under the influence of them, he had

known the insured to become delirious. The witness was in St. Louis at the time of the suicide and had not seen deceased for a week. On the other hand, the testimony shows that he made no complaint of headache or any other ailment on the day of his death, but that he was well and treating patients. The testimony further shows deliberate intention and preparation for suicide. Delirium is the result of a disordered brain, the outward evidences of which are incoherency of speech, wild and unruly actions and irrational talk. This record is barren of proof that Dr. Mason was delirious on the day of his death. That being the case, with the proof of suicide uncontroverted, it was the plain duty of the Circuit Court to direct a verdict for the defendant.

The acceptance of one dollar paid by appellant as lodge dues against the insured was not sufficient to constitute a waiver of appellee's right to interpose the suicide condition of the policy as a defense, and the court properly sustained a demurrer to the special replication of waiver.

Dr. Mason paid forty-five cents to the benefit fund. That sum was never tendered back as provided by the policy in cases of suicide, and for that reason, it is contended that appellant was entitled to a judgment for it and the one dollar paid by him. There is no count in the declaration on which to base such a recovery, and the contention appears to be made for the first time in this court.

Under the pleadings and the proofs appellant was not entitled to recover and the judgment will be affirmed.